## MARY M. BOYLE *vs.* THOMAS F. BURNETT.

A case ordered by the court of common pleas, after its final determination there, tc be continued for the allowance of exceptions, may be entered in this court at the first term after their actual allowance.

At the trial of a bastardy process, the complainant cannot introduce evidence that five or six years previously she had a child by the respondent, which he and his relations acknowledged as his.

*It seems,* that in a suit for the maintenance of a bastard child, the complainant cannot introduce evidence that the respondent's relations acknowledged the child as his.

BASTARDY PROCESS. At the trial in the court of common pleas at December term 1855 before *Sanger,* J., the complainant, not having brought herself within the provisions of the Rev. Sts. *c.* 49, was not admitted as a witness; but was permitted, against the objection of the respondent, to introduce evidence that five or six years before the making of the original complaint, (which was filed during her pregnancy,) she had had a child by the respondent, and that he had acknowledged it as his own; and also evidence that some members of the family of the respondent's father had treated that child as the respondent's. The respondent, being found guilty, alleged exceptions.

The case was continued by the court of common pleas for the allowance of exceptions until December term 1856, when the exceptions were allowed and signed, and they were entered in this court at April term 1857.

*B. F. Butler,* for the complainant, moved to dismiss the exceptions, upon the ground that they should have been entered at the next term of this court after the determination of the case in the court of common pleas. Rev. Sts. *c.* 82, §§ 6, 14.

*P. Willard,* for the respondent.

THE COURT held, that as the case had been continued by order of the court of common pleas for the allowance of exceptions, the exceptions might be entered in this court at the next term after their allowance, within the rule laid down in *Barstow* v. *Marsh,* 4 Gray, 166.

The case was then argued by the same counsel.

MERRICK, J. All the evidence respecting the child born of the complainant five or six years previous to the institution of proceedings against the respondent upon her present accusation should have been excluded. His acknowledgment that he was the father of that child could have no tendency to show his guilty connection with the mother at a point of time many years subsequent to its birth. And certainly the conduct of any of the relatives or members of the family of the respondent in their treatment of the child, at or during any one period of time, cannot be thought to afford any proof of his criminal intercourse with the complainant at another period remote and distant from the first. He is liable in no degree to be affected by anything which others, however nearly allied to him they may have been, may have said or done concerning his conduct. This would be perfectly true even if what was proposed to be proved had direct and immediate reference to the charge now preferred against him. But the evidence which was allowed to go to the jury did not purport to have any such bearing; it related to events and transactions remote and altogether different from those on which the maintenance of the present prosecution depends. It was therefore irrelevant and foreign to the issue to be tried between the present parties and should have been rejected.

Nor can any reason for allowing this evidence to be laid before the jury, be found in the suggestion made in the argument of the complainant's counsel, that it tended to show that there was a subsisting intimacy between the parties at or near the time of the occurrence of the event which lies at the foundation of the present prosecution, and thus rendered it at least not improbable that the accusation against the defendant might be true. The occurrences themselves, and the periods of time during which the conduct of the parties in one is upon this assumption to be inferred from their conduct and behavior in the other, are too distinct and too widely separated to admit of the proposed comparison. In the long interval of years which elapsed between the births of the two children, alienation or hostility may have succeeded to an early intimacy, or the parent-

of the first may have ceased altogether, long before the occurrence of any circumstances connected with the existence of the second, to continue any personal acquaintance.

But the general rule of law in relation to this species of evidence is decisive of the question. Though proceedings like this against the respondent, are now considered and declared by our statutes to partake so slightly of the character of public prosecutions that they are to be prosecuted in courts instituted for the trial, and having jurisdiction, of civil actions, yet they are founded upon accusations in their nature criminal. *Hill* v. *Wells*, 6 Pick. 104. *Williams* v. *Campbell*, 3 Met. 209. *St.* 1851, *c.* 96. And in both civil and criminal cases the law requires that the evidence shall be confined to the point in issue, and therefore it is not competent to show the existence of facts tending to prove the commission of another distinct offence for the purpose of raising an inference that the accused committed the offence in question or was guilty of the charge preferred against him. Rosc. Crim. Ev. (2d ed.) 57. 1 Greenl. Ev. §§ 51 *& seq.*

The rule of law, stated in the passage in Mr. Greenleaf's Treatise on Evidence, § 105, to which reference is made by the counsel for the complainant, is applicable solely to questions of pedigree. That rule stands upon peculiar reasons in relation to the rights of succession and inheritance of legitimate children, or of those having rights as such. It is wholly inapplicable to questions of paternity which arise under our statute relative to the support and maintenance of children born out of wedlock.

*Exceptions sustained.*